UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

DANNY TREY CROSSLAND                    DOCKET NO. 2:25-cv-0194
                                                             SECTION P

VERSUS                                          JUDGE JAMES D. CAIN, JR.

SCOTT WESTERCHIL                         MAGISTRATE JUDGE LEBLANC

## REPORT AND RECOMMENDATION

Pro se plaintiff Danny Trey Crossland ("Crossland"), proceeding in forma pauperis, filed the instant civil rights complaint pursuant to 42 U.S.C. §1983 on February 7, 2025.  Rec. Doc. 1. Plaintiff is in the custody of the Louisiana Department of Corrections and is currently incarcerated at the BB Rayburn Correctional Center in Angie, Louisiana.  He brings the instant civil rights suit against "13th Circuit Court" Judge Scott Westerchil. This matter has been referred to the undersigned for review, report, and recommendation in accordance with 28 U.S.C. § 636 and the standing orders of this court. For reasons stated below, **IT IS RECOMMENDED** that the matter be **DENIED** and **DISMISSED WITH PREJUDICE**.

### I.    BACKGROUND

Plaintiff alleges that in September 2023, while at the Leesville Courthouse for a bond hearing, he stumbled into a table in front of defendant Judge Westerchil. Doc. 1, p. 6.  He explained to the Judge that he had a "neurological disease that makes me have walking, balance, coordination and speech problems." *Id*.  In February 2024, he wrote a letter to the defendant telling him about his neurological disease and asking for probation.  *Id*.  He informed the staff at the Vernon Parish Sheriffs Office about his disease when he was booked into the jail.  *Id*.

In March 2024, Judge Westerchil, "in open court with a full courtroom" said that plaintiff's disease was not real and accused him of "faking, and looking for sympathy." *Id*. at p. 7.  Plaintiff complains that the defendant's actions were "a low blow, unprofessional and unethical not to mention extremely uncalled for." *Id*.

Plaintiff brings the instant suit alleging "deformation of character, slander, and a hate crime" against Judge Scott Westechil. *Id*. at p 10.

**II.    LAW & ANALYSIS**

*A.  Frivolity Review*

Crossland has been granted leave to proceed *in forma pauperis* in this matter. Accordingly, his complaint is subject to screening under 28 U.S.C. § 1915(e)(2), which provides for *sua sponte* dismissal of the complaint or any portion thereof if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)–(iii).

A complaint is frivolous if it lacks an arguable basis in law or fact. *Gonzalez v. Wyatt*, 157 F.3d 1016, 1019 (5th Cir. 1998). A complaint fails to state a claim upon which relief may be granted if it is clear the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief. *Doe v. Dallas Indep. Sch. Dist.*, 153 F.3d 211, 215 (5th Cir. 1998). When determining whether a complaint is frivolous or fails to state a claim upon which relief may be granted, the court must accept plaintiff's allegations as true. *Horton v. Cockrell*, 70 F.3d 397, 400 (5th Cir. 1995) (frivolity); *Bradley v. Puckett*, 157 F.3d at 1025 (failure to state a claim).

*B.  Section 1983*

Federal law provides a cause of action against any person who, under the color of state law, acts to deprive another of any right, privilege, or immunity secured by the Constitution and laws

of the United States. 42 U.S.C. § 1983.  To hold the defendant liable, a plaintiff must allege facts to show (1) that a constitutional right has been violated and (2) that the conduct complained of was committed by a person acting under color of federal law; that is, that the defendant was a government actor. *See West v. Atkins*, 108 S. Ct. 2250, 2254–55 (1988).

## C. Application

Plaintiff's claims against Judge Westerchil are barred by judicial immunity. For more than one hundred years, judges have been held immune from liability for judicial acts done within their jurisdiction. *Stump v. Sparkman*, 435 U.S. 349, 356, 98 S. Ct. 1099, 55 L. Ed. 2d 331 (1978) (citing Bradley v. Fisher, 80 U.S. 335, 20 L. Ed. 646 (1871)); *Mays v. Sudderth*, 97 F.3d 107, 110 (5th Cir. 1996). "A judge, of whatever status in the judicial hierarchy, is immune from suit for damages resulting from any acts performed in [his or her] judicial role." *Ammons v. Baldwin*, 705 F.2d 1445, 1447 (5th Cir. 1983) (citations omitted); *accord Mays*, 97 F.3d at 110-11. This judicial immunity applies even if a judge is accused of acting maliciously or corruptly. *Stump*, 435 U.S. at 356-57; *Pierson v. Ray*, 386 U.S. 547, 554, 87 S. Ct. 1213, 18 L. Ed. 2d 288 (1967), overruled in part on other grounds by *Harlow v. Fitzgerald*, 457 U.S. 800, 102 S. Ct. 2727, 73 L. Ed. 2d 396 (1982), as recognized by *Hill v. Shelander*, 992 F.2d 714, 716 (7th Cir. 1993); *Mays*, 97 F.3d at 110-11. Judicial officers are absolutely immune from liability for damages unless they are without jurisdiction. *Id*. at 111; *Dayse v. Schuldt*, 894 F.2d 170, 172 (5th Cir. 1990); *Freeze v. Griffith,* 849 F.2d 172, 175 (5th Cir. 1988). Consequently, the doctrine of absolute judicial immunity bars plaintiff's suit against Judge Westerchil and, accordingly, all claims against him must be dismissed because he is immune. 28 U.S.C. §§ 1915(e)(2)(iii) and 1915A(b)(2).

Moreover, it is well established that there is no constitutional right to be free from defamation—either libel (defamation in written form) or slander (defamation in verbal form). *See*

*Paul v. Davis,* 424 U.S. 693, 96 S. Ct. 1155, 47 L. Ed. 2d 405 (1976) (recognizing that while State may protect against injury to reputation by virtue of its tort law, person's reputation does not implicate liberty or property interest protected by Constitution). Thus, defamation is not cognizable under § 1983 because it does not involve the deprivation of any rights, privileges, or immunities secured by the Constitution or federal law. *See, e.g., Mowbray v. Cameron County*, 274 F.3d 269, 277(5th Cir. 2001). As to defamation, Crossland has failed to state a claim upon which relief may be granted. See 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1).

### III. CONCLUSION

For the reasons provided, **IT IS RECOMMENDED** that this civil rights action be **DISMISSED WITH PREJUDICE** as frivolous, for failing to state a claim for which relief may be granted, and for seeking money damages against a defendant who is immune from suit, pursuant to the provisions of 28 U.S.C. § 1915(e)(2).

Also pending before this court is Crossland's *Motion for Appointment of Counsel* [Doc. 14]. **IT IS FURTHER RECOMMENDED** that, if this Report and Recommendation is adopted, this motion be **DENIED AS MOOT**.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the

District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

**THUS DONE AND SIGNED** in chambers this 26th day of February, 2026.

_____
THOMAS P. LEBLANC
UNITED STATES MAGISTRATE JUDGE